## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA W. MOORE,

       *Plaintiff,*

vs.                                                                 Case No. 14-2409-EFM

AMSTED RAIL COMPANY, INC., et al.

       *Defendants.*

## MEMORANDUM AND ORDER

On August 20, 2014, Plaintiff Joshua Moore filed this lawsuit alleging claims of interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617. On October 1, 2014, Plaintiff accepted Defendants' offer of judgment in the amount of "$10,000 plus reasonable attorney's fees and costs to be determined by the court."[1] The parties conferred about the amount of Plaintiff's attorney's fees and costs, but they were unable to come to an agreement.

Plaintiff seeks $29,739.98 in attorney's fees and costs in connection with this case. This amount includes the time spent briefing Plaintiff's Motion for Attorney's Fees (Doc. 8), the motion currently before the court. After reviewing Plaintiff's motion, the Court grants the motion in part and denies the motion in part for the reasons stated below.

---

[1] Doc. 6.

The FMLA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee . . . and other costs of the action to be paid by the defendant."[2]   The fee award is mandatory, although it is within the court's discretion to determine the amount of attorney's fees.[3]   A reasonable fee is determined by calculating a "lodestar amount" which is done by multiplying the number of hours reasonably spent, by a reasonable hourly rate.[4]   The party requesting the fee "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[5]

***Reasonable Hours***

The Court first considers the number of hours reasonably spent on litigating the case. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how these hours were allotted to specific tasks."[6]   The Court must also determine whether counsel exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended."[7]   To determine whether counsel exercised "billing judgment," there is a two-part inquiry.[8]   The Court must first determine whether specific tasks are properly chargeable.[9]   Next,

---

[2] 29 U.S.C. § 2617(a)(3).

[3] *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 303 (4th Cir. 2009).

[4] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

[5] *Id*. (citation omitted).

[6] *Id.* at 1250.

[7] *Id.*

[8] *See  id.*

[9] *Id.*

the Court should examine the hours expended on each task to determine if that was reasonable.[10] The Court, however, "need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation."[11]

The Court will consider the hours expended, and whether they were reasonable, in three distinct phases of this case. The first period the Court will review is from the date of the initial client meeting (June 13, 2014) until the day before the lawsuit was filed (August 19, 2014). The second period is between the filing of the lawsuit (August 20, 2014) and the date Plaintiff filed its notice with the Court that Plaintiff accepted Defendants' offer of judgment (October 1, 2014). The third period is from October 2, 2014, through December 26, 2014, which relates to the time spent on the Motion for Attorney Fees currently before the Court.[12] Of the 146.1 hours at issue in this case, 137.6 of those hours relate to associate Ross Boden's work on the case. The remaining 8.5 hours are split between partner Steven Smith and senior associate Mark Ferguson.

*Pre-Lawsuit*

Of the 146.1 hours expended in this case, 74.6 were spent prior to Plaintiff filing the lawsuit. Plaintiff's counsel states that although he filed only a few pleadings during the lawsuit, there were numerous legal and factual issues that necessitated time incurred prior to filing the lawsuit. Specifically, Plaintiff's counsel states that there was (1) significant fact finding to determine Plaintiff's FMLA eligibility, medical condition, and the relevance of Plaintiff's arrest

---

[10] *Id.*

[11] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quotation marks and citation omitted).

[12] Plaintiff also used three categories of time in briefing the fee issue. Plaintiff, however, broke the time down as: (1) 115.4 hours prior to the filing of Doc. 8 (Motion for Attorney Fees), (2) 19.5 hours after Doc. 8, and (3) 11.2 hours for the reply brief. The Court found this breakdown unhelpful.

to the case;[13] (2) document review surrounding Defendants' policies and employee handbook; and (3) legal research about the FMLA, damages, and Plaintiff's potential damages.  Plaintiff's counsel also argues that ethical obligations should be considered because the time expended was necessary to protect counsel from a malicious prosecution claim, public policy favors fee shifting provisions because of the disparity between employer and employee, and counsel attempted to comply with the District of Kansas Rule 1 Task Force's renewed focus on spending more time on cases at the beginning of litigation to streamline the case.

Defendants argue that generalized entries regarding correspondence and background research must be stricken.  In addition, Defendants state that the short timeframe of the case and the straightforwardness of damages calculations under the FMLA justify a substantial reduction in the time spent on legal research.  Defendants also contend that Plaintiff should not be awarded for gamesmanship that needlessly drove up the cost of litigation.

In this case, before Plaintiff filed it, Plaintiff's counsel spent approximately 37 of 74.6 hours on legal research and fact finding. Although the Court agrees that investigative work on the factual circumstances and research on the legal validity of the claim are necessary prior to filing suit, 37 hours seems excessive in this case.  The FMLA claims asserted in this case are not that complicated.   Although there were several unique circumstances, the Court cannot understand how counsel spent 37 hours on research and fact finding before the case was filed. Furthermore, counsel's entries of legal research are somewhat general and duplicative.  For example, several of the time entries state "extensive legal research regarding unique FMLA eligibility issues and damages" and "continue further research regarding temporary employee

---

[13] Plaintiff's counsel states that the arrest was a complex issue that took extensive time to evaluate.

status and FMLA eligibility."[14]  Thus, the Court reduces counsel's hours in this area by half and will award counsel only 18.5 hours.

With regard to the rest of the 37 hours spent prior to the Complaint being filed, these hours are split four ways. Plaintiff's counsel drafted the Complaint, conferenced with other counsel in his office (but did not duplicate those time entries), had conversations with opposing counsel, and corresponded with his client.[15]  These hours do appear necessary, and thus the Court allows these hours.  In sum, the Court reduces the 74.6 hours spent prior to filing suit to 56.1 hours.

*During Lawsuit*

From the time Plaintiff filed the case to the date Plaintiff accepted Defendants' offer of judgment, Plaintiff's counsel spent 36.8 hours working on the case.  These hours were split between legal research and fact finding, correspondence with the client, correspondence with opposing counsel, and inter-office conferences regarding the case.  This case involved no motion practice, with the exception of the Motion for Attorney Fees.  This case was on file for two months, and there was no discovery. As noted above, Plaintiff's counsel engaged in significant legal research and fact finding prior to filing the case and apparently engaged in an additional approximate 16 hours after filing the case.  Again, the Court cannot understand how a case of this nature required so many hours of legal research and fact finding.  This is particularly so when it appears that counsel engaged in this activity prior to filing the lawsuit.  Thus, the Court reduces Plaintiff's counsel's hours in legal research and fact finding by half and will award only

---

[14] Doc. 10-1, p. 1.

[15] Defendant contends that Plaintiff's counsel's correspondence with his client was excessive.  Some clients, however, require more interaction that counsel cannot necessarily control.

8 hours.  As for the rest of the hours, the Court finds these hours necessary.  The Court expects significant time entries regarding correspondence with the client and correspondence with opposing counsel when the two sides are working out a settlement.  Accordingly, the Court reduces the 36.8 hours spent during the lawsuit to 28.8 hours.

*Attorney Fees Dispute*

Finally, there are 32.9 hours spent on the attorney fee dispute.  Plaintiff's counsel spent approximately 27.2 hours performing legal research on attorney fees and drafting the motion, memorandum, and reply.  The remaining 5.7 hours were spent in inter-office conferences. Defendants do not dispute that Plaintiff is entitled to some attorney fees relating to the Motion for Attorney Fees.  Defendants, however, take issue with the amount of time Plaintiff's counsel spent in establishing the reasonable hourly rate.  Specifically, Defendants argue that had Plaintiff's counsel engaged in an adequate Rule 54.2 conference, Plaintiff's counsel would have discovered that Defendants do not take issue with Plaintiff's proposed rates.  Plaintiff, however, states that Defendants were unwilling to engage in the conference and told Plaintiff to brief it. Because there is a dispute between the parties as to whose fault it is that an adequate Rule 54.2 conference did not occur, the Court cannot find Plaintiff at fault. Furthermore, a district court abuses its discretion if it does not consider the market rate evidence before it when determining the hourly rate.[16]  Thus, Plaintiff's counsel was required to submit market rate evidence to establish the reasonable hourly rate, and the time Plaintiff's counsel spent in obtaining this evidence was necessary.  Thus, the Court allows Plaintiff's counsel's 32.9 hours related to the fee dispute.

---

[16] *See Case*, 157 F.3d at 1256 (noting that such market rate evidence may be affidavits submitted by the parties).

In sum, the Court reduces associate Boden's total time from 137.6 hours to 111.1 hours. It does not reduce the hours of partner Smith or senior associate Ferguson. Those hours remain the same at 8.5.

### Reasonable Hourly Rate

The Court will next consider the reasonable hourly rate. To determine a reasonable hourly rate, the Court determines what lawyers of comparable skill and experience practicing in the area in which the litigation occurs charge for their time.[17]  "A reasonable rate is the prevailing market rate in the relevant community."[18] Here, the relevant community is the Kansas City/Overland Park, Kansas area. Plaintiff submits evidence that the partner's and senior associate's reasonable rate is $295 per hour.[19] Plaintiff also submits evidence that a reasonable associate's rate in the Kansas City area is $195 per hour. As noted above, Defendants do not take issue with the requested hourly rates. Thus, based on the evidence, the Court finds that the requested rates are reasonable based upon lawyers of comparable skill and experience practicing in the Kansas City/Overland Park area.

### Hours, Rate, and Fees Summary

In sum, the attorney's fees and costs are calculated as follows:

Associate Boden's hours: 111.1 x $195.00 = $21,664.50

Partner Smith's and senior associate Ferguson's hours: 8.5 x $295.00 = $2,507.50

Fees for postage and filing fee: $400.48

---

[17] *Id.*

[18] *Ellis*, 163 F.3d at 1203 (quotation marks and citation omitted).

[19] The senior associate essentially has partner status for billing rates due to his over thirty years' previous legal experience prior to joining this Overland Park law firm.

Total attorney fees and costs: $24,572.48

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**.  The Court awards the amount of $24,172.00 in attorney's fees and $400.48 in costs and fees, totaling $24,572.48.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2015.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE